JUDGE LYNCH

08 CV 5863

**CIVIL COVER SHEET**

JS 44C/SDNY
REV. 1/97
WEB 12/02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Herbert Jackson and Cynthia Jackson | Grantley A. Walker and Adrinodack Transit Lines |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Office of David B. Golomb<br>230 Park Avenue, NY, NY 10169 (212)661-9000 | Gallo Vitucci Klar Pinter & Cogan<br>90 Broad Street, NY, NY 10004 (212)683-7100 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

RECEIVED
JUN 30 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐  Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No☐ Yes ☐ If yes, give date _____ Case #

*(PLACE AN [x] IN ONE BOX ONLY)*  **NATURE OF SUIT**

ACTIONS UNDER STATUTES

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | [ ] 400 STATE |
| [ ] 110 INSURANCE | | | [ ] 610 AGRICULTURE | [ ] 422 APPEAL | REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - | [ ] 620 FOOD & DRUG | 28 USC 158 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 315 AIRPLANE PRODUCT | MED MALPRACTICE | [ ] 625 DRUG RELATED | [ ] 423 WITHDRAWAL | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE | LIABILITY | [ ] 365 PERSONAL INJURY | SEIZURE OF | 28 USC 157 | [ ] 450 COMMERCE/ICC |
| INSTRUMENT | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | PROPERTY | | RATES/ETC |
| [ ] 150 RECOVERY OF | SLANDER | [ ] 368 ASBESTOS PERSONAL | 21 USC 881 | PROPERTY RIGHTS | [ ] 460 DEPORTATION |
| OVERPAYMENT & | [ ] 330 FEDERAL | INJURY PRODUCT | [ ] 630 LIQUOR LAWS | | [ ] 470 RACKETEER INFLU- |
| ENFORCEMENT OF | EMPLOYERS' | LIABILITY | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | ENCED & CORRUPT |
| JUDGMENT | LIABILITY | | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | ORGANIZATION ACT |
| [ ] 151 MEDICARE ACT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 660 OCCUPATIONAL | [ ] 840 TRADEMARK | (RICO) |
| [ ] 152 RECOVERY OF | [ ] 345 MARINE PRODUCT | | SAFETY/HEALTH | | [ ] 810 SELECTIVE SERVICE |
| DEFAULTED | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 690 OTHER | | [ ] 850 SECURITIES/ |
| STUDENT LOANS | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | | SOCIAL SECURITY | COMMODITIES/ |
| (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE | [ ] 380 OTHER PERSONAL | LABOR | | EXCHANGE |
| [ ] 153 RECOVERY OF | PRODUCT LIABILITY | PROPERTY DAMAGE | | [ ] 861 MIA (1395FF) | [ ] 875 CUSTOMER |
| OVERPAYMENT OF | [x] 360 OTHER PERSONAL | [ ] 385 PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 862 BLACK LUNG (923) | CHALLENGE |
| VETERANS BENEFITS | INJURY | PRODUCT LIABILITY | STANDARDS ACT | [ ] 863 DIWC (405(g)) | 12 USC 3410 |
| [ ] 160 STOCKHOLDERS | | | [ ] 720 LABOR/MGMT | [ ] 863 DIWW (405(g)) | [ ] 891 AGRICULTURE ACTS |
| SUITS | | | RELATIONS | [ ] 864 SSID TITLE XVI | [ ] 892 ECONOMIC |
| [ ] 190 OTHER CONTRACT | | | [ ] 730 LABOR/MGMT | [ ] 865 RSI (405(g)) | STABILIZATION ACT |
| [ ] 195 CONTRACT PRODUCT | | | REPORTING & | | [ ] 893 ENVIRONMENTAL |
| LIABILITY | | | DISCLOSURE ACT | | MATTERS |
| | | | [ ] 740 RAILWAY LABOR ACT | FEDERAL TAX SUITS | [ ] 894 ENERGY |
| | ACTIONS UNDER STATUTES | | [ ] 790 OTHER LABOR | | ALLOCATION ACT |
| | | | LITIGATION | [ ] 870 TAXES | [ ] 895 FREEDOM OF |
| | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 791 EMPL RET INC | [ ] 871 IRS-THIRD PARTY | INFORMATION ACT |
| REAL PROPERTY | | | SECURITY ACT | 20 USC 7609 | [ ] 900 APPEAL OF FEE |
| | [ ] 441 VOTING | [ ] 510 MOTIONS TO | | | DETERMINATION |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT | VACATE SENTENCE | | | UNDER EQUAL ACCESS |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING | 20 USC 2255 | | | TO JUSTICE |
| [ ] 230 RENT LEASE & | ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | | | [ ] 950 CONSTITUTIONALITY |
| EJECTMENT | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | [ ] 440 OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | | | [ ] 890 OTHER STATUTORY |
| [ ] 245 TORT PRODUCT | | [ ] 550 CIVIL RIGHTS | | | ACTIONS |
| LIABILITY | | [ ] 555 PRISON CONDITION | | | |
| [ ] 290 ALL OTHER | | | | | |
| REAL PROPERTY | | | | | |

---

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____ JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN *x* IN ONE BOX ONLY)

**ORIGIN**

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN *x* IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

1598 41st Street, Pennsauken, NJ 08100

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Grantly Walker
305 Hurley Avenue, Apt. 6G
Kingston, NY 12401

Adirondack Transit
499 Hurley Avenue
Hurley, NY 12443

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | 6/27/08 | [ ] NO [x] YES (DATE ADMITTED Mo. 10 Yr. 89) Attorney Bar Code # (6446) |

Magistrate Judge is to be designated by the Clerk of the Court.

**MAG. JUDGE GORENSTEIN**

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
HERBERT JACKSON and CYNTHIA JACKSON,

   08 CV 5863

                                        Plaintiffs,

-against-

GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES,

                                        Defendants.

-------------------------------------------X

**NOTICE OF REMOVAL**



RECEIVED
JUN 30 2008
U.S.D.C. S.D. N.Y.
CASHIERS

TO:    SUPREME COURT OF THE STATE OF NEW YORK
       COUNTY OF NEW YORK

       **PLEASE TAKE NOTICE** that on June 27, 2008, defendants filed a Petition for

Removal with the United States District Court, Southern District of New York.

Dated:    New York, New York
          June 27, 2008

                              Respectfully submitted,

                          By:

                              MATTHEW J. VITUCCI (6446)
                              *Attorneys for Defendants*
                              GALLO VITUCCI KLAR PINTER & COGAN
                              90 Broad Street, 3rd fl.
                              New York, NY 10004
                              (212) 683-7100
                              LA-2008-21

TO:    LAW OFFICE OF DAVID B. GOLOMB
       Attorneys for Plaintiffs
       230 Park Avenue, Suite 527
       New York, NY 10169
       (212) 661-9000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

HERBERT JACKSON and CYNTHIA JACKSON,

                              Plaintiffs,

-against-

GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES,

                              Defendants.

-------------------------------------------X

**PETITION FOR
REMOVAL**

TO:    JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK

       The Petition of defendants respectfully shows, as follows:

       1. The undersigned is the attorney for the defendants in the above-entitled action

now pending in the Supreme Court of the State of New York, County of New York; that service

of a Summons and Complaint was made upon defendants, Grantley A. Walker, a citizen of New

York, and a New York corporation with a principal place of business in Hurley, New York, by

service of a Summons and Complaint upon the Secretary of State of the State of New York on or

about June 9, 2008.

       2.     That the causes of action as set forth in the Complaint seek money

damages for personal injuries.

3.      In their Complaint, plaintiffs seek to recover damages for personal injury resulting from the alleged negligence in the ownership, operation, management, maintenance and control of a certain vehicle that was involved in an accident that took place on or about August 19, 2005, within the Port Authority Bus Terminal located in New York, New York.

4. It is alleged that defendants were negligent in the ownership and operation of a certain vehicle identified as a bus bearing New York State license plate no. 55649-PA.

5. The plaintiffs reside at 1598 41st Street, Pennsauken, New Jersey 08100.

6.      Defendant Adirondack Transit Lines, Inc. is a New York corporation with a principal place of business located in Hurley, New York.  Defendant Grantley A. Walker resides in Kingston, New York.

7.      That this action may be removed to this Court by the defendants pursuant to 28 U.S.C. Section 1441(c) since plaintiffs' action is a civil action where the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

8.      As the residence and situs of incorporation amongst the defendants and plaintiffs establish complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest, the defendants desire to remove this action from the Supreme Court of the State of New York County of New York, to the United States District Court for the Southern District of New York.

9.      The defendants attach hereto a copy of all process and pleadings thus far served herein.

**WHEREFORE**, defendants pray that the action now pending against them in the

Supreme Court of the State of New York, County of New York be removed therefrom to this

Court.

Dated: New York, New York
      June 27, 2008

                                        Respectfully,

                                        MATTHEW J. VITUCCI (6446)
                                        *Attorneys for Defendants*
                                        GALLO VITUCCI KLAR PINTER & COGAN
                                        90 Broad Street, 3rd fl.
                                        New York, NY 10004
                                        (212) 683-7100
                                        LA-2008-21

TO:    LAW OFFICE OF DAVID B. GOLOMB
        Attorneys for Plaintiffs
        230 Park Avenue, Suite 527
        New York, NY 10169
        (212) 661-9000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

```
American
```

---------------------------------------------------------X

HERBERT JACKSON and CYNTHIA
JACKSON,

                                        Plaintiffs,

   -against-

GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES, INC.,

                                        Defendants.

Plaintiffs designate
NEW YORK County
as the place of trial

The basis of the venue
is CPLR §503(c)

**SUMMONS**

Plaintiff resides at:
1598 41st Street
Pennsauken, N.J.

NEW YORK
COUNTY CLERK'S OFFICE

---------------------------------------------------------X

To the above named Defendants:

Index No.:

*108224/2008*

JUN 1 2 2008

NOT COMPARED
WITH COPY FILE

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer, or if the complaint is not served with this summons,
to serve a notice of appearance, on the Plaintiffs' Attorneys within **twenty (20)** days after
the service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York), and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

Dated:  New York, NY
       June 9, 2008

                          Yours, etc.,

                          LAW OFFICES OF DAVID B. GOLOMB

                          By:

                          Frank A. Longo
                          Attorneys for Plaintiffs
                          230 Park Avenue, Suite 527
                          New York, NY 10169
                          212-661-9000

**DEFENDANT'S ADDRESSES:**

GRANTLY A. WALKER
305 Hurley Avenue, Apt. 6G
Kingston, NY 12401-6835

ADIRONDACK TRANSIT LINES, INC.
499 Hurley Avenue
Hurley, NY 12443

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

HERBERT JACKSON and CYNTHIA JACKSON,

                     Plaintiffs,

      -against-

GRANTLY A. WALKER and ADIRONDACK
TRANSIT LINES, INC.,

                    Defendants.

-------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index No.:

Plaintiffs, HERBERT JACKSON and CYNTHIA JACKSON, as and for their Verified Complaint, allege, by their attorneys, upon information and belief, as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

NEW YORK
COUNTY CLERKS OFFICE

JUN 1 2 2008

NOT COMPARED
WITH COPY FILE

1.   Plaintiff, HERBERT JACKSON, is the lawfully wedded husband of plaintiff CYNTHIA JACKSON.

2.   At all times pertinent hereto, plaintiffs resided at 1598 41st Street, Pennsauken, NJ 08110.

3.   Defendant, GRANTLY A. WALKER, resides at 305 Hurley Avenue, Apt. 6G, Kingston, NY 12401-6835.

4.   Defendant, ADIRONDACK TRANSIT LINES, INC., is a domestic corporation, duly organized and existing under the laws of the State of New York.

5.   Defendant, ADIRONDACK TRANSIT LINES, INC., is a domestic corporation, duly organized and existing under the laws of the State of New York, and a "common carrier" within the meaning of the laws of the State of New York.

1

6.    Defendant, ADIRONDACK TRANSIT LINES, INC., is a domestic corporation, whose principal place of business is located at 499 Hurley Avenue, Hurley, NY 12443.

7.    At all times material hereto, defendant GRANTLY A. WALKER was the agent, servant and/or employee of defendant ADIRONDACK TRANSIT LINES, INC.

8.    At all times material hereto, defendant GRANTLY A. WALKER was a bus driver employed by and/or acting on behalf of defendant ADIRONDACK TRANSIT LINES, INC.

9.    At all times material hereto, defendant GRANTLY A. WALKER was acting within the scope of his authority on behalf of defendant ADIRONDACK TRANSIT LINES, INC.

10.    At all times material hereto, defendant ADIRONDACK TRANSIT LINES, INC. was operating its bus through its agent, servant and/or employee, defendant GRANTLY A. WALKER.

11.    At all times material hereto, defendant ADIRONDACK TRANSIT LINES, INC. was vicariously liable for the acts and omissions of its agent, servant and/or employee, defendant GRANTLY A. WALKER.

12.    On or about August 19, 2005, and at all times pertinent hereto, defendant, ADIRONDACK TRANSIT LINES, owned, leased, managed, maintained and/or controlled a 2003 MCI bus, bearing New York State license plate no. "55649-PA."

13.    On or about August 19, 2005, plaintiff, HERBERT JACKSON, was lawfully on the premises of the Port Authority Bus Terminal.

14.    On or about August 19, 2005, plaintiff, HERBERT JACKSON, was lawfully crossing an intersection within the Port Authority Bus Terminal.

2

15. On or about August 19, 2005, at the same time plaintiff, HERBERT JACKSON, was lawfully crossing an intersection within the Port Authority Bus Terminal, defendant GRANTLY A. WALKER was operating the aforementioned bus, bearing New York State license plate no. "55649-PA."

16. On or about August 19, 2005, at the same time plaintiff, HERBERT JACKSON, was lawfully crossing an intersection within the Port Authority Bus Terminal, defendant GRANTLY A. WALKER was operating the aforementioned bus, bearing New York State license plate no. "55649-PA," on behalf of defendant, ADIRONDACK TRANSIT LINES

17. On or about August 19, 2005, at the same time plaintiff, HERBERT JACKSON, was lawfully crossing an intersection within the Port Authority Bus Terminal, defendant GRANTLY A. WALKER, operating the aforementioned bus, bearing New York State license plate no. "55649-PA," when he failed to come to a stop at a stop sign.

18. On or about August 19, 2005, the aforementioned bus bearing New York State license plate no. "55649-PA," operated by defendant GRANTLY A. WALKER, came into contact with plaintiff, HERBERT JACKSON.

19. The contact between the aforementioned bus bearing New York State license plate no. "55649-PA," operated by defendant GRANTLY A. WALKER, and plaintiff, HERBERT JACKSON, occurred while plaintiff was a pedestrian.

20. The contact between the aforementioned bus bearing New York State license plate no. "55649-PA," operated by defendant GRANTLY A. WALKER, and plaintiff, HERBERT JACKSON, occurred while plaintiff was within the crosswalk of the intersection.

3

21.   The aforesaid occurrence and the injuries to plaintiff, HERBERT JACKSON, resulting therefrom were due solely and wholly to the carelessness, negligence and wrongdoing of the defendants, GRANTLY A. WALKER and ADIRONDACK TRANSIT LINES, INC., through their agents, servants, partners and/or employees, in negligently and carelessly operating a motor vehicle; in negligently and carelessly failing to see what there was to be seen; in negligently and carelessly failing to keep a safe distance from pedestrians; in following other vehicles too closely; in failing to ascertain a safe and adequate distance from pedestrians; in failing to stop at a stop sign; in failing to bring the vehicle to a full stop; in failing to yield the right of way to a pedestrian; in negligently and carelessly failing to operate a motor vehicle properly and/or safely; in failing to exercise appropriate caution and safety under the prevailing traffic conditions; in negligently and carelessly failing to operate at a safe speed under the circumstances and conditions prevailing; in negligently and carelessly failing to keep a safe lookout; in negligently and carelessly disregarding the safety of others using the same roadway; in failing to sound a horn or provide other warning; in braking improperly and/or unsafely; in failing to brake sufficiently soon; in failing to brake sufficiently; in braking in a dangerous manner; in failing to properly maintain and/or inspect braking, steering, and/or other operating systems; in failing to provide the vehicle with safe tires; in failing to comply with the Vehicle and Traffic Law of the State of New York, including but not limited to §§1172(a) and 1151(a); in failing to comply with the rules and regulations of the City New York governing operation of motor vehicles; and in being otherwise careless and negligent.

22.   In addition, defendant, ADIRONDACK TRANSIT LINES, INC., was also negligent in entrusting the operation of its bus to defendant, GRANTLY A. WALKER,

4

because of his insufficient training, insufficient qualifications and because of violations of rules and regulations governing hours of service.

23. As a result of the negligence, carelessness and wrongdoing complained of, plaintiff, HERBERT JACKSON, was seriously and permanently injured, was disabled, suffered permanent injuries, pain and mental anguish, conscious pain and suffering, loss of enjoyment of life, required medical care, incurred expenses thereof, and was permanently injured and disabled.

24. The aforementioned injuries and losses occurred solely and exclusively because of the negligence, carelessness and recklessness of the defendants, GRANTLY A. WALKER, and ADIRONDACK TRANSIT LINES, INC., their agents, servants, partners and/or employees.

25. The aforementioned occurrences and injuries occurred without any negligence or carelessness on the part of plaintiff, HERBERT JACKSON.

26. As a result of the negligence of Walker and Adirondack Plaintiff Herbert Jackson suffered serious, painful and permanent bodily injuries more particularly described hereinafter.

27. As a direct and proximate result of the aforementioned occurrence, plaintiff, HERBERT JACKSON, sustained injuries to his head, bones, tissues, nerves, muscles, including but not limited to traumatic brain injury, memory loss, cognitive deficits and depression; injuries to his cervical spine, bones, tissues, nerves, muscles, discs, including but not limited to protrusions/herniations at C4-5, C5-6, C6-7 with radiculopathy; injuries to his lumbar spine, bones, tissues, nerves, muscles, discs, including but not limited to L4-5 herniation with radiculopathy; at least 3 (three) epidural surgical procedures; injuries to his left shoulder, its bones, tissues, nerves, muscles,

5

discs, including but not limited to impingement syndrome and rotator cuff tearing resulting in three (3) surgical interventions; aggravation of preexisting asymptomatic arthritic conditions; together with shock and injury to his nerves and nervous system;

28.  Upon information and belief, plaintiff's injuries are permanent in nature.

29.  As a result of the accident aforementioned, plaintiff, HERBERT JACKSON, has undergone severe physical pain and suffering, mental anguish, humiliation, embarrassment and loss of enjoyment of life and will continue to endure same, all to his detriment and loss.

30.  As a result of the accident aforementioned, plaintiff, HERBERT JACKSON has been unable to attend to his usual daily duties and occupations and will be unable to attend to same for an indefinite time into the future, all to plaintiff's great detriment and loss.

31.  As a result of the accident aforementioned, the plaintiff, HERBERT JACKSON, has been and continues to be obligated to expend various sums of money and incur diverse expenses in and about an effort to cure himself of the ills and injuries which he has suffered and will be obliged to continue to expend same in the future.

32.  As a further result of the accident aforementioned, plaintiff, HERBERT JACKSON has suffered a severe loss and impairment of his earnings and earning capacity and will continue to suffer such loss and impairment in the future.

33.  As a result of the foregoing, plaintiff, HERBERT JACKSON, suffered serious injuries as defined in Insurance Law §5102(d).

34.  As a result of the foregoing, plaintiff, HERBERT JACKSON, has sustained economic loss greater than basic economic loss, as defined in Insurance Law §5102(a).

6

35. Plaintiff, HERBERT JACKSON, was a covered person as defined by Insurance Law §5102.

36. The conduct complained of by the defendants, GRANTLY A. WALKER, and ADIRONDACK TRANSIT LINES, INC., their agents, servants, partners and/or employees, was willful, wanton, reckless and outrageous, and so violated all norms of decency and conduct as to warrant the imposition of punitive damages in an amount exceeding the jurisdiction of all lower courts which would otherwise have jurisdiction.

37. As a result of the foregoing, plaintiff, HERBERT JACKSON, was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have had jurisdiction over this action.

## AS AND FOR A SECOND CAUSE OF ACTION

38. Plaintiff repeats, reiterates and realleges each of the prior applicable allegations, as if herein set forth in full.

39. As a result of the injuries to her husband, plaintiff CYNTHIA JACKSON has been obligated to expend various sums of money and incur diverse expenses in and about an effort to cure her husband of the ills and injuries which he has suffered and will be obliged to continue to expend same in the future.

40. As a result of the injuries to her husband, plaintiff CYNTHIA JACKSON has been obligated to expend monies for hiring help to perform the duties of the household previously performed by her husband.

41. As a result of the injuries to her husband, plaintiff CYNTHIA JACKSON has been and will continue to be deprived of her husband's aid, comfort, society, companionship, services and affection.

7

42. As a direct and proximate result of the injuries to her husband, plaintiff CYNTHIA JACKSON has suffered and/or continues to suffer from her husband's loss of earnings and/or earning capacity and/or in the future may suffer from his loss of earnings and/or earning capacity.

43. As a result of the foregoing, plaintiff, CYNTHIA JACKSON has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have had jurisdiction over this action.

44. The conduct complained of by the defendants, GRANTLY A. WALKER, and ADIRONDACK TRANSIT LINES, INC., their agents, servants, partners and/or employees, was willful, wanton, reckless and outrageous, and so violated all norms of decency and conduct as to warrant the imposition of punitive damages in an amount exceeding the jurisdiction of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, on the first cause of action and on the second cause of action, each in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for punitive damages on the first cause of action and on the second cause of action, each in a sum which exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

8

Dated:  New York, New York
      June 9, 2008

Yours, etc.,

LAW OFFICES OF DAVID B. GOLOMB

By: _____
    Frank A. Longo
    Attorneys for Plaintiffs
    230 Park Avenue, Suite 527
    New York, NY 10169
    212-661-9000

## ATTORNEY'S VERIFICATION

FRANK A. LONGO, an attorney duly admitted to practice before the Courts of the State of New York, affirms under penalty of perjury as follows:

1.    I am associated with the Law Offices of David B. Golomb, attorneys for plaintiffs herein.

2.    I have read the foregoing SUMMONS AND COMPLAINT and I know the contents thereof.

3.    That the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes them to be true.

4.    Affirmant further states that the reason this verification is made by affirmant and not by the plaintiffs is that the plaintiffs do not reside within the county wherein your affirmant maintains his office.

5.    The grounds of affirmant's belief as to all matters not stated upon personal knowledge, are consultations had with the plaintiffs and investigation and data in affirmant's possession.

Dated:    New York, NY
          June 9, 2008

FRANK A. LONGO

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

HERBERT JACKSON and CYNTHIA JACKSON,

Plaintiffs,

-against-

GRANTLEY A. WALKER and ADIRONDACK TRANSIT LINES, INC.,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF
**DAVID B. GOLOMB**
Attorneys for PLAINTIFFS
230 Park Avenue, Suite 527
New York, NY 10169
(212) 661-9000

To

Attorneys for

Sir:—Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                                    19
☐ NOTICE OF SETTLEMENT
that an order                              of which the within is a true copy will be presented for settlement to
the HON.                                                                                      one of the judges
of the within named court, at
on                              19    at                    M.

Dated,

                                                        Yours, etc.
To:                                                   LAW OFFICES OF
                                                    **DAVID B. GOLOMB**
                                                    Attorneys for Plaintiffs
                                                    230 Park Avenue, Suite 527
                                                    New York, NY 10169
                                                    (212) 661-8000

Attorneys for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
HERBERT JACKSON and CYNTHIA JACKSON,

                            **AFFIDAVIT**

                Plaintiffs,

      -against-

GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES,

                Defendants.

--------------------------------------------X
STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK  )

        **MATTHEW J. VITUCCI**, being duly sworn, deposes and says:

        1.     I am a member of the law firm of Gallo Vitucci Klar Pinter & Cogan

attorneys for defendants.

        2.     Defendants petition this Court for removal; leave will be sought to amend

the caption in this action to read as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
HERBERT JACKSON and CYNTHIA JACKSON,
                Plaintiffs,
-against-
GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES,
                Defendants.
--------------------------------------------X

                        **MATTHEW J. VITUCCI** (6446)

Sworn to before me this
27th day of June, 2008.

MARIA ANTONIA GALATI
Notary Public, State of New York
No. 01GA4749899
Qualified in Richmond County
Commission Expires July 31, 20_09_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
HERBERT JACKSON and CYNTHIA JACKSON,

**VERIFICATION**

Plaintiffs,

-against-

GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES,

Defendants.

-------------------------------------------X

**MATTHEW J. VITUCCI,** being duly sworn according to law, deposes and says:

That he is one of the attorneys for the within named defendants/petitioners; that

he has read the foregoing Petition for Removal; and that the statements contained therein are true

in substance and to my knowledge.

MATTHEW J. VITUCCI (6446)

Sworn to before me this
27th day of June, 2008.

Notary Public

MARIA ANTONIA GALATI
Notary Public, State of New York
No. 01GA4749899
Qualified in Richmond County
Commission Expires July 31, 20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERBERT JACKSON and CYNTHIA JACKSON,

                              Plaintiffs,

    - against -

GRANTLEY A. WALKER AND ADIRONDACK TRANSIT LINES,

                              Defendants.

## NOTICE OF REMOVAL, PETITION FOR REMOVAL, AFFIDAVIT, VERIFICATION

GALLO VITUCCI KLAR PINTER & COGAN
*Attorneys for Defendants*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: LA-2008-21

JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 5863

-----------------------------------------X

HERBERT JACKSON and CYNTHIA JACKSON,

RULE 7.1

    Plaintiffs,

-against-

GRANTLEY A. WALKER and ADIRONDACK
TRANSIT LINES,



    Defendants.

-----------------------------------------X

    Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule

1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible

disqualification or recusal, the undersigned counsel for defendants (a private non-government

party) certifies the following are corporate parents, affiliates and/or subsidiaries of said party,

which are publicly held.

               NONE

Dated: New York, New York
       June 27, 2008

                   Respectfully submitted,

            By:_____

               MATTHEW J. VITUCCI (6446)
               *Attorneys for Defendants*
               GALLO VITUCCI KLAR PINTER & COGAN
               90 Broad Street, 3rd fl.
               New York, NY 10004
               (212) 683-7100
               LA-2008-21

TO:   LAW OFFICE OF DAVID B. GOLOMB
      Attorneys for Plaintiffs
      230 Park Avenue, Suite 527
      New York, NY 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERBERT JACKSON and CYNTHIA JACKSON,

Plaintiffs,

- against -

GRANTLEY A. WALKER AND ADIRONDACK TRANSIT LINES,

Defendants.

## *RULE 7.1,*

GALLO VITUCCI KLAR PINTER & COGAN
*Attorneys for Defendants*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: LA-2008-21

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                        ) ss.:
COUNTY OF NEW YORK  )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of New York. That on the 30th day of June, 2008, she served the within **NOTICE OF REMOVAL, PETITION OF REMOVAL AND RULE 7.1 STATEMENT** upon:

LAW OFFICE OF DAVID B. GOLOMB
*Attorneys for Plaintiffs*
230 Park Avenue, Suite 527
New York, New York 10169

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Yvette Pagan

Sworn to before me this
30th day of June, 2008

Notary Public

SHAMILLA ALI
**Notary Public - State of New York**
No. 01AL6095221
Qualified in Richmond County
My Commission Expires July 07, ~~2007~~ 2011